IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DREW HARTLEY,

    Petitioner,

vs.                                                      CASE NO. 5:07cv233-RS/AK

WALTER MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, and has been granted leave to proceed IFP. Doc. 6. Respondent has answered the petition, Doc. 13, and Petitioner has replied. Doc. 14. Petitioner has also filed a plethora of motions seeking discovery and expansion of the record, Docs. 15, 21, 23, 38, 39, & 41, which will be addressed in a separate order. This matter is now in a posture for decision. As will be explained below, the Court respectfully recommends that habeas relief be denied, and that this cause be dismissed with prejudice.

BACKGROUND

On August 2, 2004, Petitioner received a disciplinary report for refusing to work. Doc. 13, Ex. 4. On August 11, 2004, a disciplinary hearing was held without Petitioner's presence, as he "refused to appear." *Id*. A plea of not guilty was entered on his behalf, but based on an investigation and the reporting officer's

statement, the hearing team found Petitioner guilty and sentenced him to sixty (60) days of disciplinary confinement without forfeiture of any accrued gain time. *Id.*; *see also* Doc. 13, Ex. 2. Petitioner completed service of this disciplinary confinement on November 7, 2004. Doc. 1 at 118 of 285.

In this petition for habeas relief, Petitioner claims an "arbitrary denial of disciplinary hearing" in violation of the Fourteenth Amendment. Doc. 1 at 4 of 285. Additionally, he claims that he was deprived of the "right to earn gain-time when DOC entered a finding of guilt" and the right to an evidentiary hearing in state court, and he contests the "some evidence" standard of review. Doc. 1 at 23-28 of 285.

DISCUSSION

In *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), the court found that where a "prisoner has completed an imposed term of administrative segregation before he files his petition [for writ of habeas corpus]...the 'petition [is] moot when filed and cannot be revived by collateral consequences.'" *Medberry*, 351 F.3d at 1053 (quoting *McCollum v. Miller*, 695 F.2d 1044 (7th Cir. 1982)). The *Medberry* court raised the issue of mootness *sua sponte* because it was not contested that at the time the petitioner in that case had filed his petition, "he had already served his 30 days and been released from disciplinary confinement," and he had not shown "that the disciplinary proceeding [would] affect the length of his confinement." *Id.*

It is undisputed that at the time the original petition was filed in September, 2007, Petitioner had completed the term of disciplinary confinement at issue in this case. He has not shown how this term of disciplinary confinement would affect the total length of his incarceration. The only argument which Petitioner advances

which touches on the issue of whether the disciplinary confinement imposed in this case affected the fact or duration of his imprisonment, requirements which would be necessary to avoid a finding of mootness, is tied to the issue of incentive gaintime. In that regard, Petitioner argues that he is entitled to an award of gaintime which he was not awarded during the time he was in disciplinary confinement and the following six-month period because the State of Florida has created a liberty interest in allowing him to earn incentive gaintime.  Doc. 1.  That argument has been roundly rejected by this Court and by others which have considered this issue.  *See, e.g., Figueredo v. Crosby*, No. 4:03cv262-SPM/AK (N.D. Fla. Aug. 16, 2004) (petitioner had no due process liberty interest in eligibility to earn incentive gaintime); *Hollingsworth v. Crosby*, No. 4:02cv402-RH/WCS (N.D. Fla. Feb. 12, 2004) (same) ; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995, *cert. denied*, 517 U.S. 1196 (1996) (mere opportunity to earn good-time credits does not constitute constitutionally cognizable liberty interest sufficient to trigger protection of due process clause); *see also Sandin v. Conner*, 515 U.S. 472 (1995) (chance that finding of misconduct will inevitably affect parole decision is too attenuated to invoke procedural guarantees of due process).

Because Petitioner had completed the term of disciplinary confinement at issue at the time of the filing of this petition, and he cannot show that the subject disciplinary proceeding will affect the length of his confinement, this petition as it relates to the validity of the disciplinary hearing was moot when filed.  As explained *supra*, the claim regarding gaintime is without merit.  Furthermore, the decision whether to grant a petitioner an evidentiary hearing in state court is a matter of state

law and does not implicate the United States Constitution. Finally, the "some evidence" standard applicable to determining whether a disciplinary hearing decision can stand is the standard set by the United States Supreme Court and therefore obviously binding on both the state court and this Court.

Under these circumstances, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *3rd*  day of March, 2009.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**